**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA M. KINCAID,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No.** |
| | ) | |
| **THOMAS E. BRANDON,** | ) | |
| **Acting Director, Bureau of Alcohol,** | ) | |
| **Tobacco, Firearms and Explosives,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO FILE COMPLAINT AND MOTION UNDER SEAL

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., to file the attached Complaint and this Motion under seal pending further of the Court. For the reasons stated below, plaintiff is definitely of the view that the Complaint and this Motion must be filed on the public record. See, e.g., E.E.O.C. v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996). However, since this case is just being initiated, plaintiff does not have a way to ascertain defendant's view. Once counsel for defendant enters an appearance, counsel for plaintiff will confer with him or her; ascertain whether or, alternatively, to what extent, defendant agrees to having the Complaint and this Motion filed on the public record; and file a Report advising the Court of the status of those discussions. Plaintiff will also advise the Court whether there is a need for plaintiff to file a motion to place the Complaint and this Motion on the public record.[1]

The grounds in support of this Motion are as follows:

---

[1] Because this case is just being initiated, counsel for plaintiff is unable to confer with opposing counsel and ascertain his or her position, as is ordinarily contemplated by LCivR 7(m).

1.)     Counts I and II of this four count Complaint arise under the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-3 (incorporated into 42 U.S.C. §2000e-16).  Plaintiff's protected EEO activities included participating in the administrative EEO complaints process and conducting an internal ATF investigation that documented numerous instances of sexual harassment and other gross misconduct by the then-Deputy Chief and Chief of the Special Operations Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Cplt., ¶2.

2.)     Count I of the Complaint alleges that defendant retaliated against plaintiff for this protected EEO activity by passing her over for a position as the Resident Agent In Charge of an ATF Field Office.  Cplt. ¶¶104-14.  Count II alleges that defendant retaliated by involuntarily reassigning plaintiff out of ATF's Internal Affairs Division ("IAD") to a materially less desirable position as a non-supervisory Program Manager in an organization in which plaintiff had previously served as a supervisory Branch Chief.  Cplt. ¶¶115-23.

3.)     Plaintiff is of the strong belief that the Complaint and this Motion must be filed on the public record.  The "starting point in considering" whether they should be on the public record is the "'strong presumption in favor of public access to judicial proceedings.'"  Nat'l Children's Ctr., 98 F.3d at1409 (Sentelle, J.) (unanimous decision) (citing and quoting Johnson v. Greater Southeast Community Hosp. Corp., 961 F.2d 1268, 1277 (D.C. Cir. 1991)).  "Under common law, there is a presumption of access accorded to judicial records."  Rushford v. New Yorker Magazine, Inc., 846 F.2d. 249, 2523 (4th Cir. 1988) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)).

4.)     The Letter of Acceptance of plaintiff's formal EEO complaint specifically identified that one basis for her retaliation claims was her "thoroughness in investigating a sexual

harassment case." Att. A at 1.  The EEO Counseling In-Take Report from the informal complaint stage specifically identified that ATF's retaliation toward plaintiff included its assignment of "a preliminary case with a part of it involving sexual harassment of another female by ATF management." Att. B at 3.

5.)     Plaintiff conducted the harassment investigation to which these and other documents in the EEO Report of Investigation refer when she was a Special Agent in ATF IAD, the position out of which plaintiff was reassigned involuntarily.  Cplt., ¶¶32-47, 55-65, 91-99, 115-23.  Plaintiff developed much, but by no means all, of the information underlying Counts I and II of the Complaint from this investigation, which then became one of the triggers for ATF's retaliation.  Senator Charles Grassley, Chairman of the Senate Judiciary Committee, identified ATF management officials whom plaintiff was investigating in a letter to former Attorney General Loretta Lynch and the Inspector General of the Department of Justice, which Sen. Grassley published on his official Senate website and the contents of which were circulated online.  Cplt., ¶¶66-67.  Another source of this information was the administrative EEO complaint against the management of SOD filed by another female Special Agent, SherryAnn Quindley, which was also a subject of Sen. Grassley's letter.  Cplt., ¶¶5, 9, 29-31, 66.  When a Final Agency Decision was issued in favor of Special Agent Quindley, it was posted in SOD in accordance with standard procedure in administrative EEO complaints.  Cplt., ¶68.

6.)     Plaintiff's position is that between the presumption of public filing under Nat'l Children's Ctr., Inc., 98 F.3d at 1409, and the fact that the sources and so much information about the subjects of the investigation plaintiff conducted have already been widely disseminated or are already known, the Complaint in this action belongs on the public record.  However, since plaintiff conducted this investigation while she was an IAD Special Agent, plaintiff does not want to place

the information about her investigation or its subjects on the public record until there has been an opportunity to confer with counsel for defendant.  Once his or her appearance is entered, counsel for plaintiff will promptly confer with opposing counsel and ascertain defendant's position about having the Complaint and this Motion filed on the public record.  Thirty days later, counsel for plaintiff will file a Report advising the Court whether the parties have reached agreement on public filing of the Complaint and this Motion and, if they have not, propose a schedule to litigate that issue.  Until the parties reach agreement or the Court adjudicates this matter, this Motion and any Opposition and Reply will also be kept under seal.

For the foregoing reasons, plaintiff respectfully submits that the Court should grant her Motion to File Complaint and Motion Under Seal and enter the accompanying proposed Order.

Respectfully submitted,

//s//
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

//s//
Charlene Bofinger, Esq.
 D.C. Bar No. 369979
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
(202) 393-8200
Counsel for Plaintiff

4

**ATTACHMENT A**



**U.S. Department of Justice**

Bureau of Alcohol. Tobacco,
Firearms and Explosives

*Office of Equal Employment Opportunity*

March 11, 2016                Washington, DC 20226

                             www.atf.gov

                                        106000: LS
                                        2623

Lisa Kincaid
21458 Grey Slate Court
Ashburn, VA 20147

RE:   ACCEPTANCE OF COMPLAINT OF LISA KINCAID
      DOCKET NUMBER: ATF-2016-00175

Dear Ms. Kinkaid:

This is in reference to your Equal Employment Opportunity (EEO) discrimination complaint
against the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and
Explosives (ATF) filed under Title VII of the Civil Rights Act of 1964, as amended. The complaint
was filed on January 19, 2016, and we acknowledged receipt on January 27, 2016.

Based on your formal complaint and enclosed counselor's report, the claim alleged and being
accepted and referred for investigation are the following:

Whether you were discriminated against and subjected to a hostile work environment based on
your sex (female), age (D.O.B.: ███████ and in retaliation when the following events
occurred:

1) On May 14, 2015, because of your thoroughness in investigating a sexual harassment
   case, management removed you from handling the entire case and assigned part of the
   case to a male co-worker;

2) On November 23, 2015, you were not selected or approved for a lateral transfer to the
   position of Supervisory Criminal Investigator in Columbia, South Carolina, vacancy
   announcement #16-EPAS-037-ALN; and

3) On December 22, 2015, you were involuntarily transferred out of your position in the
   Office of Internal Affairs to the position of Program Manager, Field Management Staff.

The additional incident that you raised that occurred on September 22, 2014, you were not selected
for the position of Assistant Special Agent in Charge (SAC), Internal Affairs Division,

2

Washington, DC, Announcement #14-MER-380-ADB was not presented to the EEO Counselor within the required 45 day time frame.  Therefore, this incident will not be investigated and is dismissed.

The Supreme Court of the United States has held that discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed cases.  Therefore, I am not investigating and dismissing the above referenced items because they were not presented to the EEO Counselor within the required 45 day time frame.  They may be considered as background information to the accepted claim and may or may not be explored during the investigation.

You are advised there is no immediate right to appeal a partial dismissal of a complaint. Where an agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in § 1614.107(a), the agency must notify the complainant in writing of its determination, set forth its rationale for that determination, and notify the complainant that the allegations will not be investigated. The agency must place a copy of the notice in the investigative file. The agency should advise the complainant that an Administrative Judge shall review its dismissal determination if s/he requests a hearing on the remainder of the complaint, but the complainant may not appeal the dismissal until a final action is taken by the agency on the remainder of the complaint. See § 1614.107(b).

Because you raised age discrimination, the Equal Employment Opportunity Commission (EEOC or Commission) regulations found at 29 C.F.R. § 1614.201(c) provides:

(a) As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the Age Discrimination in Employment Act (ADEA) against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action. Such notice must be filed in writing with EEOC, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile within 180 days of the occurrence of the alleged unlawful practice.

(b) The Commission may exempt a position from the provisions of the ADEA if the Commission establishes a maximum age requirement for the position on the basis of a determination that age is a bona fide occupational qualification necessary to the performance of the duties of the position.

(c) When an individual has filed an administrative complaint alleging age discrimination that is not a mixed case, administrative remedies will be considered to be exhausted for purposes of filing a civil action:

    1) 180 days after the filing of an individual complaint if the agency has not taken final action and the individual has not filed an appeal or 180 days after the filing of a class complaint if the agency has not issued a final decision;

3

2) After final action on an individual or class complaint if the individual has not filed an appeal; or

3) After the issuance of a final decision by the Commission on an appeal or 180 days after the filing of an appeal if the Commission has not issued a final decision.

Notices of intent to sue must be delivered to the Commission at the following address:

Hand delivered to:

Equal Employment Opportunity Commission
Office of Federal Operations
Federal Sector Programs
131 M Street, NE
Washington, D.C., 20507

or

Mailed to:

Equal Employment Opportunity Commission
Office of Federal Operations
Federal Sector Programs
P.O. Box 19848
Washington, D.C.  20036

or

Fax (if no more than ten (10) pages) to:

(202) 663-7022

If you believe that the claims are not correctly identified, please notify me in writing within 15 days after receipt of this acceptance and specify why you believe that the claims are not correctly identified. If you fail to contact me, I will conclude you agree that the claims have been properly identified.

Additionally, pursuant to 29 Code of Federal Regulations, Part 1614.106(d), you may amend your complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in this complaint. If you amend your complaint, the ATF is required to complete its investigation within the **earlier** of 180 days after the last amendment or 360 days of the filing of his original complaint.

4

A Contract Equal Employment Opportunity (EEO) Investigator from MRM EEO Services, Inc. will contact you when the investigation begins. Also, Equal Employment Opportunity Commission regulations require that you notify this office of any prolonged absence from your current address and any change of address and/or telephone number.

If you have questions regarding the processing of this complaint, please contact me at (202) 648-8760.

Sincerely,

Robynn Ferguson-Russ
Deputy Chief
Office of Equal Employment Opportunity

Enclosure: EEO Counselor's Report

**ATTACHMENT B**

# EEO COUNSELING IN-TAKE REPORT

Record of contact with EEO Office and request for EEO counseling

---

Nature of Contact:          □ Walk-in          X Telephone          □ Letter

Date of Contact:          12/4/15;          Assigned: 12/4/15

Name of Potential Complainant:  Kincaid, Lisa M.

Position Title/Series/Grade:  Special Agent/1811/14

Field Office/Location:   OPRSO; 5111 Leesburg Pike, Falls Church, VA 22041

Work Phone Number: ██████████████████

Home Address & Phone No:  21458 Grey Slate Court
                          Ashburn, VA 20147
                          ██████████████████

SSN#:
DOB:          ██████████████████

EEO Counseling Requested?
     X YES          Docket No:   ATF- 2016 - 00175

     □: NO          If counseling is not requested, inform the person that this record of conversation
                    will not be considered as the date EEO counseling was requested.

---

Request for Identity to be Confidential:     □: YES          X: NO

BASIS of alleged discrimination:

X Reprisal (list previous EEO activity):  Kincaid's prior involvement in the SherryAnn Quindley; ATF-2013-
00611 discrimination case; and after Kincaid filed her EEO case.

□: Race: _____          □: Color: _____     X Sex: female

X Age: (DOB): ██████          □: Religion: _____

□: National Origin: _____          □: Mental/Physical Disability _____

□: Transgender: _____          □: Sexual Orientation: _____

DATE OF ALLEGED DISCRIMINATORY INCIDENT: 10/02/2015

Page 1 of 3

# EEO COUNSELING IN-TAKE REPORT

Record of contact with EEO Office and request for EEO counseling

**ISSUE (OR ISSUES) PRESENTED:**

The aggrieved alleges discrimination based on her Sex (female), Age (DOB: ███), and reprisal when ATF management subjected her to a harassing and hostile work environment:

1. When on 7/11/13, ATF management assigned a preliminary case with part of it involving sexual harassment of another female by ATF management. (Note) This was the starting point of the discrimination she has suffered.
2. When on 5/14/15 ATF management assigned the complainant's preliminary case to a male special agent.
3. When on September 22, 2014, ATF management did not select the complainant for Vacancy Announcement #: 14-MER-380-ADB; GS-15; Assistant Special in Charge in IAD.
4. When on November 23, 2015, ATF management did not select and/or approve a lateral transfer of the complainant for Vacancy Announcement #: 16-EPAS-037-ALN; GS-14; Supervisory Criminal Investigator, Columbia, SC.
5. When on December 15, 2015 ATF management notified the complainant that she was being laterally transferred to an ATF HQ Field Operations position.


Were any other avenues for redress discussed?                    X  YES          □: NO

     If YES, what/which avenue(s)?  (Note: per signed EO forms ADR Information, ADR Signature Form, and Waiver of Anonymity)

     □: Administrative Grievance
     □: MSPB                   □: Employee Assistance Program
     □: Whistle Blower           X  Alternative Dispute Resolution
     □: Were there allegations of Racial or Sexual Harassment?

**OTHER PERTINENT INFORMATION:**

1. Arredondo, Francisco J..; Assistant Special Agent in Charge (ASAC)

2. Murray, Thomas E.; Special Agent in Charge (SAC), OPRSO-IA

3. McCrary, Daryl R.; Deputy Assistant Director (DAD)

4. **RIGHTS AND RESPONSIBILITIES:**

   R&R Packet sent: first set sent on 12/4/15

   Method of delivery: (certified, e-mail, etc.): email

   Team Member:  Larry Sovinsky

Name of EEO staff member who completed this report:  Larry Sovinsky

Page **2** of 2

**Waiver of Anonymity:**

**An EEO Counselor cannot reveal the identity of a person who has come for counseling, except when authorized to do so by the person counseled.**
Are you willing to have your name revealed during the counseling stage?

Yes _X_ No ____

If answer is "Yes," you must give permission by signing your name in the space following:

_Lion M. Kincaid_                                      _12/5/15_
**Signature of Aggrieved Party**                        **Date**

**On the same matter have you:**

Filed a grievance under a negotiated grievance procedure?     Yes   (No)

**On the same matter have you:**

Filed a grievance under the Agency grievance system?     ___Yes   (No)

**On the same matter have you:**

Appealed to the Merit Systems Protection Board?     ___Yes   (No)
If yes, what is its status?

Do you have a representative?  _X_ Yes  ___ No

**Representative's Name:** Donald R. Kincaid

**Telephone number:** ██████████████████████

**Fax number:**

**Address:** 21458 Grey Slate Ct
              Ashburn, VA 20147
**Note:** You may designate a representative at any time during the EEO process by completing
       a written designation of representative.

_Lion M. Kincaid_                                      _12/5/15_
**Signature of Aggrieved Party**                        **Date**

_Larry Sorrell_                                      _12/7/15_
**Signature of Counselor**                        **Date**

Page 1 of 2