# Exhibit A

**Plaintiff's List of Witnesses[1]**

Lisa Kincaid

Ms. Kincaid will testify about all aspects of liability and damages including, but not limited to, her service as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); her assignment to ATF's Internal Affairs Division ("IAD"), a part of ATF's Office of Professional Responsibility and Security Operations ("OPRSO"); her assignment to the Incident Report about sex discrimination, harassment, and retaliation in ATF's Special Operations Division ("SOD"), which is a part of the ATF Office of Field Operations; her recommendation that ATF conduct a Preliminary Investigation into those allegations; the misconduct by two subjects of that investigation, SOD Chief Charles Smith and Deputy Chief Billy Wright, Jr., that was uncovered during the Preliminary Investigation; her communication with ATF management and officials about her Preliminary Investigation, Preliminary Reports, and related matters including, but not limited to, the discrimination, harassment, and retaliation experienced by other women in SOD; the obstruction of her Preliminary Investigation; the failure of ATF to conduct a full Internal Investigation based on Ms. Kincaid's Preliminary Investigation and her two Preliminary Reports; and all of her protected oppositional activity in connection with the foregoing matters and her protected participation in the administrative EEO complaints process. Ms. Kincaid will also testify about being involuntarily reassigned out of IAD, and/or involuntarily reassigned to ATF's Field Management Staff, and/or being denied her requested reassignment to the position of Resident Agent in Charge of ATF Field Office in Columbia, South Carolina, under the pretexts that these actions were nonretaliatory in light of Mr. Smith's email of November 30, 2015 and that sharing the fact that Mr. Smith was under investigation for on-duty gambling by the Department of Justice Office of Inspector General ("OIG") allegedly breached the IAD Confidentiality Agreement and policy; and the damages caused by ATF's actions toward Ms. Kincaid on herself, her emotional well-being, her career, and her family. Ms. Kincaid will also testify about all subjects in the Court's Memorandum and Order of August 20, 2024 [ECF #154] that were not dismissed on summary judgment.

Estimated time of direct examination: 4 to 5 hours.

Francisco Arredondo

Mr. Arredondo was an Assistant Special Agent in Charge ("ASAC") in IAD and Ms. Kincaid's first line supervisor after Daniel Machonis retired from ATF. Mr. Arredondo will testify about Ms. Kincaid's job performance while under his supervision; his participation and the participation of IAD Special Agent In Charge ("SAC") Thomas Murray in a meeting with Ms. Kincaid on or around December 3, 2015 where he and/or Mr. Murray asked Ms. Kincaid whether she had shared with her husband that Mr. Smith was the subject of the OIG Investigation into his misconduct; Ms. Kincaid's voluntary admission that she had done so and her explanation of the context in which that had occurred; Mr. Arredondo's statement that he had learned about Mr. Smith

---

[1] Plaintiff reserves the right to call any witnesses identified by defendant in the Joint Pre-Trial Statement to testify in person or via deposition designations.

being under investigation from Special Agents in his former office; and the outcome of his investigation of the Incident Report that was filed concerning Ms. Kincaid's disclosure.

Estimated time of direct examination: 1 hour.

Thomas Chittum

Mr. Chittum was a former IAD SAC and Ms. Kincaid's second line supervisor and to whom, through her supervisory chain, Ms. Kincaid's original Report of her Preliminary Investigation was submitted. Mr. Chittum has knowledge of Ms. Kincaid's performance while under his supervision; Ms. Kincaid's Preliminary Investigation and first Preliminary Report into allegations of sex discrimination, harassment, and retaliation in SOD; the misconduct by Mr. Smith and Mr. Wright that was uncovered during Ms. Kincaid's Preliminary Investigation and the segregation of their misconduct in separate investigations; Ms. Kincaid's protected opposition with and responses by ATF management and officials about her Preliminary Investigation, Preliminary Reports and related matters including, but not limited to, the EEO complaints of women in SOD; the relationship between EEO matters and IAD investigations and ATF's obstruction of Ms. Kincaid's Preliminary Investigation and its conversion into a full IAD Internal Investigation.

Estimated time of direct examination: 3 hours.

Michael Gleysteen

Michael Gleysteen was the Assistant Director of OPRSO when Ms. Kincaid was assigned the Incident Report into sex discrimination, harassment, and retaliation in SOD. Mr. Gleysteen was also the highest official in OPRSO and to whom, through her supervisory chain, Ms. Kincaid's original Report of her Preliminary Investigation was submitted. Mr. Gleysteen will testify about his role as Assistant Director of Field Operations and the role he played in retaliating against Ms. Kincaid by removing her involuntarily from IAD, and/or involuntarily reassigning her to ATF's Field Management Staff, and/or denying her requested reassignment to the position of Resident Agent in Charge of ATF Field Office in Columbia, South Carolina. Mr. Gleysteen will also testify about Ms. Kincaid's Preliminary Investigation and first Preliminary Report while he was Assistant Director of OPRSO and his obstruction and the obstruction of his subordinates of that Investigation; the misconduct by Mr. Smith and Mr. Wright that was uncovered during Ms. Kincaid's Preliminary Investigation and OPRSO's actions in segregating their misconduct into separate investigations; Ms. Kincaid's communication with ATF management and officials including himself her Preliminary Investigation, second Preliminary Report, and related matters including, but not limited to, the treatment of women in SOD; his receipt of Mr. Smith's email of November 30, 2015 and his understanding of its meaning , ATF's responses to Ms. Kincaid's Preliminary Investigation and Preliminary Reports and other protected opposition related to the foregoing matters; his meeting with former acting Director Thomas Brandon about OPSO's Preliminary Investigation into allegations of sex discrimination, harassment, and retaliation in SOD; and all other matters related to ATF's retaliation against Ms. Kincaid for her protected oppositional activity.

Estimated time of direct examination: 3 hours and 30 minutes.

Melvin King

Mr. King is the former Assistant Director of OPRSO and the official to whom Ms. Kincaid's second Report of her Preliminary Investigation was submitted through her supervisory chain. Mr. King will testify about procedures used when questioning Ms. Kincaid about having shared information about Mr. Smith being under investigation, his friendship with and investigation of Mr. Smith, his receipt of Mr. Smith's email of November 30, 2015, and his understanding of its meaning. Mr. King will also testify that Smith was the subject of multiple misconduct investigations while Mr. King was heading OPRSO including gambling and sex harassment, IAD policies and procedures in misconduct investigations and disciplinary actions, and his role in removing Ms. Kincaid from IAD involuntarily, and/or involuntarily reassigning her to ATF's Field Management Staff, and/or denying her requested reassignment to the position of Resident Agent in Charge of ATF Field Office in Columbia, South Carolina, his communication with Mr. Gleysteen about these actions, his knowledge of Ms. Kincaid's Preliminary Investigation and second Preliminary Report into allegations of sex discrimination, harassment, and retaliation in SOD, and his obstruction of a full IAD Internal Investigation based on Ms. Kincaid's Preliminary Investigation and her second Preliminary Report, and his knowledge of Ms. Kincaid's protected participation in the administrative EEO complaints process.

Estimated time of direct examination: 3 hours and 30 minutes.

Donald Kincaid

Mr. Kincaid is Lisa Kincaid's husband and will testify about his background with ATF, his lack of recall about Ms. Kincaid sharing that Mr. Smith was under investigation for on-duty gambling by OIG, the little information Ms. Kincaid actually shared about the Preliminary Investigation she was conducting into sex discrimination, harassment, and retaliation in the ATF Special Operations Division, the interference by Ms. Kincaid's second-line supervisor and ATF officials with her Preliminary Investigation, the advice he gave Ms. Kincaid about whether she should cease working on that investigation, his circulation of information on his email list "ATF Family News" that OIG had posted its "Findings Concerning On-Duty Gambling and Related Misconduct by an ATF Special Agent in Charge While in a Prior Position" on November 23, 2015, and his list's circulation that Mr. Smith was the Special Agent in Charge who was the subject of that investigation on November 27, 2023. Mr. Kincaid will testify that before circulating Mr. Smith's name, he was informed by two other individuals associated with ATF that the subject was Mr. Smith, that it would have been easy for Mr. Smith to be identified as the subject of the OIG investigation without being specifically given that information; that former OPRSO Michael Gleysteen directed Ms. Kincaid to email him confidential law enforcement policies to his private Gmail account and that he was able to open, and the impact of ATF's actions toward Ms. Kincaid on their family life.

Estimated time of direct examination: 1 hour.

Delissa "Dee Dee" Knapp

Ms. Knapp was a Supervisory Management Analyst in SOD under the supervision of Mr. Smith and Mr. Wright.  Ms. Knapp will testify about experiencing discrimination, harassment, and retaliation in SOD, about complaining about Mr. Wright to Mr. Smith, and Mr. Smith's denial of her request for reassignment out of SOD.  Ms. Knapp will testify about the importance of Ms. Kincaid's Preliminary Investigation to herself and other women in SOD after their complaints were not acted upon, and the professionalism of Ms. Kincaid in the Preliminary Investigation during and after being interviewed by Ms. Kincaid.  Ms. Knapp will also testify that Ms. Kincaid did not share information about the Preliminary Investigation with her.

Estimated time of direct examination:  30 minutes.

Daniel Machonis

Mr. Machonis was Ms. Kincaid's first line supervisor when she was assigned the Incident Report that led to Ms. Kincaid's Preliminary Investigation into sex discrimination, harassment, and retaliation in SOD.  Mr. Machonis will testify about Ms. Kincaid's superior performance while under his supervision overall and in conducting her Preliminary Investigation and preparing her Preliminary Report, his concerns that management and officials in OPRSO were improperly going to prevent Ms. Kincaid's Preliminary Report from going forward to a full IAD investigation and potentially an OIG investigation, his conclusion that Ms. Kincaid's Preliminary Report needed only minor revisions, that criticism by IAD managers and OPRSO officials were unjustified, and their obstruction of Ms. Kincaid's Preliminary Investigation and responses to Ms. Kincaid's protected opposition.

Estimated time of direct examination:  1 hour and 30 minutes.

Thomas Murray

Mr. Murray was the Special Agent in Charge of IAD and Ms. Kincaid's second-line supervisor when she was involuntarily reassigned out of IAD, and/or involuntarily reassigned to ATF's Field Management Staff, and/or denied her requested reassignment to Columbia, South Carolina.  Mr. Murray will testify about the structure and purpose of IAD, his knowledge of Ms. Kincaid's performance, including her efficiency, as a Special Agent, his interview with Ms. Kincaid that led to her involuntary reassignments and the denial of her requested reassignment, his review of Ms. Kincaid's two Preliminary Reports and his conclusions about their quality; and the relationship between IAD misconduct investigations and investigations of sex discrimination, harassment, retaliation and related investigations.  Mr. Murray will testify about the result of his investigation into whether Ms. Kincaid had disclosed investigative information to SherryAnn Quindley, the Incident Report concerning Ms. Kincaid sharing with her husband that Mr. Smith was the subject of the OIG investigation into on-duty gambling and whether that was impermissible, and the meeting Mr. Murray and Mr. Arredondo had with Ms. Kincaid where they questioned her about the information she shared with her husband on or about December 3, 2015.  Mr. Murray will also testify about Mr. Smith's retaliation against Ms. Quindley for pursuing an EEO complaint against him, the meeting Mr. Murray and Darryl McCrary, Mr. King's Deputy, had

with Ms. Kincaid where it was explained why Ms. Kincaid was being reassigned, his knowledge about whether the information Ms. Kincaid shared with her husband had to be kept confidential, the events and emails concerning the positions to which Ms. Kincaid could be reassigned and the position to which she was reassigned, and related matters..

Estimated time of direct examination:  3 hours.

Pamela Potaczek

Ms. Potaczek was a Senior Special Agent and a Computer Forensic Investigator in SOD under Mr. Smith and Mr. Wright.  Ms. Potaczek will testify that she experienced harassment and retaliation in SOD, that she reported those EEO violations to the ATF's Ombudsman's Office, ones that Mr. Chittum directed Ms. Kincaid to exclude from her original Preliminary Report.  Ms. Potaczek will also testify that when SOD management learned that she was en route to be interviewed by Ms. Kincaid for her Preliminary Investigation, she was immediately placed on administrative leave pending her retirement several weeks later and directed to return all of her ATF-issued equipment immediately.  The order was rescinded only after ATF Assistant Director of Field Operations Ronald Turk directed Mr. Smith to do so.

Ms. Potaczek will testify to her participation in her IAD interview, the professionalism Ms. Kincaid displayed in conducting the Preliminary Investigation during and after being interviewed by her, that Ms. Kincaid did not share information about the Preliminary Investigation with her; and the importance of Ms. Kincaid's Preliminary Investigation to herself and other women in SOD because their complaints about Mr. Smith and Mr. Wright were not acted upon.

Estimated time of direct examination:  30 minutes.

SherryAnn Quindley

Ms. Quindley is the former ATF Special Agent whose complaint and subsequent EEO complaint about sex discrimination, harassment, and retaliation in the ATF Special Operations Division led to the Incident Report which was assigned to Ms. Kincaid in June of 2013 that was the precursor to Ms. Kincaid's Preliminary Investigation and two Preliminary Reports.  Ms. Quindley will testify about her background at ATF, her EEO complaint, and ATF's interference in opening an IAD Preliminary Investigation into sex discrimination, harassment, and retaliation in SOD.  Ms. Quindley will also testify that Ms. Kincaid did not disclose any of her activities or findings of her Preliminary Investigation or Report, and that Ms. Kincaid's Preliminary Investigation into sex harassment, discrimination, and retaliation in the Special Operations Division was of great importance and a source of moral support to the women who had been victimized in SOD.  Ms. Quindley will also testify that Mr. Smith retaliated against her by falsely alleging in his email of November 30, 2015, that she and Ms. Kincaid were working in tandem to ruin him at ATF by having him investigated for sex discrimination, harassment, and retaliation that was rampant and condoned in SOD.  Ms. Quindley will also testify that Mr. Smith retaliated against Ms. Quindley by arranging for her to be investigated on by OIG after she prevailed in her Final Agency Decision on her EEO complaint against Mr. Smith and male managers under Mr. Smith's supervision by arranging for OIG to investigate her on stale charges that she had already been

cleared of that, Mr. Smith gambled openly in front of her while on duty, and that members of Ms. Quindley's office contacted her and expressed their dissatisfaction that she had reported Mr. Smith's misconduct that led to his being investigated by OIG.

Estimated time of direct examination: 90 minutes.

Charles Smith

Mr. Smith is the former Chief of SOD who was found to have engaged in and/or condoned sex, harassment, and retaliation in SOD. Mr. Smith will testify about his background at ATF; his animus about having been found responsible for sex discrimination, harassment, and retaliation and condoning those activities in SOD; his admissions that he committed those acts; the meaning of his email of November 30, 2015; and the effects on his career of having been found to have engaged in many acts of misconduct including the acts identified in the Final Agency Decision.

Estimated time of direct examination: 1 hour.

Christopher Trainor

Mr. Trainor was assigned to IAD when the Preliminary Investigation was assigned to Ms. Kincaid and assisted Ms. Kincaid in conducting most of the interviews of women who had been subject to sex discrimination, harassment, and retaliation in SOD. Mr. Trainor will testify about the gravity of the allegations investigated in Ms. Kincaid's Preliminary Investigation and the gratitude expressed by women in SOD to Ms. Kincaid for investigating their complaints, the urgency conveyed to Ms. Kincaid to conduct as many interviews as soon as possible to avoid obstruction with her Preliminary Investigation, and his first-hand knowledge of Ms. Kincaid's impartiality, thoroughness, and objectivity during the Preliminary Investigation.

Estimated time of direct examination: 1 hour.

Billy Wright, Jr.[2]

Mr. Wright's deposition testimony will attest to the fact that Mr. Wright does not believe that he harassed or mistreated Ms. Quindley. Mr. Wright's deposition testimony will also attest to the fact that despite being under active IAD investigation and one of the managers identified in the Final Agency Decision in Ms. Quindley's EEO complaint for having discriminated against, harassed, and retaliated against Ms. Quindley and other women in SOD, his request to transfer voluntarily was approved; that his transfer was held up awaiting the issuance of a proposed disciplinary action that resulted from the Final Agency Decision; and that he was allowed to transfer into a position in Field Operations, which Mr. Gleysteen headed, even though Mr. Gleysteen was responsible for issuing the proposed disciplinary action toward Mr. Wright based on the Final Agency Decision which Mr. Gleysteen on December 9, 2015.

Estimated time of reading designations: 30 minutes.

---

[2]     Via deposition designations.